JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHIHUAN CHENG,<br><br>                 Plaintiff,<br><br>    v.<br><br>KATHY BARAN; LORI<br>SCIALABBA; JOHN F. KELLY;<br>JEFF SESSIONS,<br><br>              Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV 17-2001-RSWL-KSx<br><br>**ORDER re: Defendants'<br>Motion to Dismiss or, in<br>the Alternative,<br>Transfer Venue** [17] |

Currently before the Court is Defendants Kathy Baran, Lori Scialabba, John F. Kelly, and Jeff Sessions's (collectively, "Defendants") Motion to Dismiss ("Motion" or "Motion to Dismiss"), or in the Alternative, Transfer Venue ("Motion to Transfer Venue") [17]. Having reviewed all papers submitted pertaining to this Motion, the Court **NOW FINDS AND RULES AS FOLLOWS:** the Court **GRANTS** Defendants' Motion

1

to Dismiss and dismisses Plaintiff Shihuan Cheng's ("Plaintiff") Complaint **WITHOUT PREJUDICE**. The Court **DENIES as MOOT** Defendants' Motion to Transfer Venue.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a native and citizen of the People's Republic of China. Compl. ¶ 5, ECF No. 1. Defendants are the director of the United States Citizenship and Immigration Services ("USCIS") California Service Center ("CSC"), the Acting Director of the USCIS, the Secretary of the Department of Homeland Security, and the United States Attorney General.[1] Id. at ¶¶ 6-9.

The Immigration and Nationality Act ("INA") section 203(b)(5), 8 U.S.C. § 1153(b)(5), provides employment-based fifth preference category visas ("EB-5 visas") for immigrants that have invested or are "actively in the process of investing" capital in a new commercial enterprise.[2] Id. at ¶ 10. The Immigrant Investor Program Office ("IPO"), created by the USCIS, manages and operates the EB-5 visa program. Def.'s Mot. to

---

[1] James McCament began as Acting Director of the USCIS on March 31, 2017. See Defs.' Mot. Caption, ECF No. 1. As of July 28, 2017, John F. Kelly is no longer the Secretary of the Department of Homeland Security. Per Federal Rules of Civil Procedure 25(d), a public "officer's successor is automatically substituted as a party" and "[l]ater proceedings should be in the substituted party's name."

[2] The immigrant should invest $1,000,000 in capital, but need only invest $500,000 for investments in "targeted employment area[s]" that have an unemployment rate 1.5 times the national average. See 8 U.S.C. § 1153(b)(5)(B)(ii),(C)(i)-(ii).

Dismiss or Transfer Venue ("Mot.") 3:8-11; Ex. B, at 3, ECF No. 17-2.  The IPO is located in Washington, D.C. Id.

On December 14, 2015, after he invested $500,000 capital in Galaxy Group, Inc. ("Galaxy"), Plaintiff filed an I-526 Immigrant Petition by an Alien Entrepreneur ("I-526 Petition") for an EB-5 visa to allow him to enter the United States.  Compl. ¶ 5. Galaxy is a California corporation that consults clients in financial investments, trading, cosmetology products, and movie co-production "involving China elements."  Id. at ¶ 12.  On December 16, 2015, Plaintiff received his I-526 Petition receipt notice from the USCIS CSC, located in Laguna Niguel, California.  Id. at Ex. 1.

Because his I-526 Petition was still pending as of March 2017, Plaintiff filed the instant Complaint [1]. On May 9, 2017, Defendants issued a Request for Evidence ("RFE") to Plaintiff, seeking further evidence that Galaxy performed business activity so that Plaintiff could show his qualifying contribution of capital at risk.  Mot. Ex. A, at 3-5.  They also sought evidence that Plaintiff complied with 8 C.F.R. § 204.6(j)(4)(i)'s "job creation" requirement.  Id. at 5-11.  Plaintiff has until August 16, 2017 to respond to the RFE.  Id. at 1; 8 C.F.R. § 103.2(b)(8)(iv).

**B.   Procedural Background**

On March 13, 2017, Plaintiff filed a Complaint

3

alleging the following claims: (1) a claim under the Mandamus Act, 28 U.S.C. § 1361, for Defendants' failure to adjudicate the pending I-526 Petition; and (2) violation of the APA, 5 U.S.C. §§ 701 *et seq.*, for unreasonably delaying in processing the I-526 Petition. Compl. ¶¶ 17, 19. Plaintiff also seeks attorneys' fees and costs under the Equal Access to Justice Act ("EAJA"), 5 U.S.C. § 504 and 28 U.S.C. § 2412.[3] <u>Id.</u> at ¶ 21. Defendants filed this Motion to Dismiss or, in the Alternative, Transfer Venue [17] on June 21, 2017.[4] Defendants seek dismissal pursuant to Federal Rules of Civil Procedure ("FRCP" or "Rule") 12(b)(1) and 12(b)(6). Plaintiff filed an Opposition on June 27, 2017 [18], and Defendants filed their Reply on July 4, 2017 [19].

///

---

[3] Plaintiff presents his request for attorneys' fees under the EAJA as the third "claim" in the Complaint. Because the Court lacks jurisdiction over the APA and Mandamus Act claims, it need not reach the attorneys' fees issue.

[4] Central District Local Rule 6-1 provides that "the notice of motion shall be filed with the Clerk not later than twenty-eight (28) days before the date set for hearing . . . ." Plaintiff urges the Court to strike the Motion as it was filed twenty-seven days before the hearing and thus one day late. Pl.'s Opp'n re Mot. to Dismiss or Transfer Venue ("Opp'n") 3:21-22. The "district court has broad discretion to depart from the strict terms of the local rules where it makes sense to do so and substantial rights are not at stake." <u>Prof'l Programs Grp. v. Dep't. of Commerce</u>, 29 F.3d 1349, 1354 (9th Cir. 1994). Although Defendants did not comply with Local Rule 6-1, Plaintiff does not show how this minor, inadvertent one-day delay has prejudiced him or threatened a substantial right at stake. Therefore, the Court decides this Motion on its merits.

# II. DISCUSSION

## A. **Legal Standard**

### 1. Motion to Dismiss Pursuant to FRCP 12(b)(1)

Federal Rules of Civil Procedure 12(b)(1) authorize a court to dismiss claims over which it lacks proper subject matter jurisdiction. The challenge "can be either facial, confining the inquiry to allegations in the complaint, or factual, permitting the court to look beyond the complaint." Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.2 (9th Cir. 2003). When considering a Rule 12(b)(1) Motion challenging jurisdictional allegations, "the Court is not restricted to the face of the pleadings, but may review evidence, such as declarations and testimony, to resolve any factual disputes concerning the existence of jurisdiction." Khan v. Johnson, 65 F. Supp. 3d 918, 923 (C.D. Cal. 2014)(citing McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988)).

### 2. Motion to Dismiss Pursuant to FRCP 12(b)(6)

Federal Rules of Civil Procedure 12(b)(6) allow a party to move for dismissal of one or more claims if the pleading fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Dismissal can be based on a "lack of a cognizable legal theory or the

absence of sufficient facts alleged under a cognizable legal theory." <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990).

In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. <u>Swartz v. KPMG LLP</u>, 476 F.3d 756, 763 (9th Cir. 2007). A court must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the non-moving party. <u>Klarfeld v. United States</u>, 944 F.2d 583, 585 (9th Cir. 1991). The question presented by a motion to dismiss is not whether the plaintiff will ultimately prevail, but whether the plaintiff has alleged sufficient factual grounds to support a plausible claim to relief, thereby entitling the plaintiff to offer evidence in support of its claim. <u>Iqbal</u>, 556 U.S. at 678; <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 511 (2002). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than "labels and conclusions" or "a formulaic recitation of a cause of action's elements." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (internal citation omitted).

**B.  <u>Analysis</u>**

1.  <u>The Court Will Consider the RFE Exhibit</u>

Plaintiff asks the Court to not consider the RFE, attached as an exhibit to the Motion, as a Rule

12(b)(6) Motion to Dismiss can only consider evidence attached to the Complaint.  Opp'n 4:16.

The Court can consider the RFE as evidence in Defendants' Rule 12(b)(6) Motion.  The Court can consider the RFE under the "incorporation by reference doctrine," even though it was not an exhibit attached to the Complaint.  Knievel v. ESPN, 393 F.3d 1068, 1076-77 (9th Cir. 2005).  This doctrine permits the Court to consider documents that the plaintiff does not refer to in the complaint, but "plaintiff's claim depends on the contents of a document, the defendant attaches the document to the motion to dismiss, and the parties do not dispute the authenticity of the document."  Id.

The RFE satisfies this criteria, and the Court considers it.  Defendants attach the RFE to their Motion and because it suggests there is not a final agency action, it is critical to resolving Plaintiff's claims that Defendants unreasonably delayed in adjudicating the I-526 Petition and that the Court should compel Defendants to adjudicate the I-526 Petition.  Compl. ¶¶ 17, 19.  Although Plaintiff challenges the RFE's authenticity on the grounds that Defendants did not attach a declaration authenticating the RFE, he references the RFE in the parties' Joint Stipulation for an Extension of Time for Defendants to Respond to the Complaint [12], thus neutralizing this third factor.

As for the Motion on Rule 12(b)(1) grounds, a court can review "any other evidence properly before [it]" to determine the threshold jurisdictional issue. <u>Green v. U.S.</u>, 630 F.3d 1245, 1248 n.3 (9th Cir. 2011). The RFE is crucial to whether the Court has subject matter jurisdiction over the APA claim, as it shows whether there was a final agency decision and whether Defendants have unreasonably delayed in processing the I-526 Petition.

Accordingly, the Court considers the RFE for purposes of the Rule 12(b)(1) and Rule 12(b)(6) Motion.

2. <u>Subject Matter Jurisdiction</u>

Although Defendants' Motion is filed under Rules 12(b)(1) and 12(b)(6), the Court first considers the Rule 12(b)(1) Motion for lack of subject matter jurisdiction. <u>Li v. Chertoff</u>, 482 F. Supp. 2d 1172, 1175-76 (S.D. Cal. 2007).

a. *Administrative Procedure Act*

The Court must first determine whether it has jurisdiction over Plaintiff's APA claim.

Pursuant to APA section 555(b), "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." 5 U.S.C. § 555(b). 5 U.S.C. § 706(1) adds that "[t]he reviewing court shall— . . . compel agency action unlawfully withheld or unreasonably delayed." Jurisdiction is also conferred

through section 704: "an [a]gency action made reviewable by statute and [a] final agency action for which there is no other adequate remedy in a court are subject to judicial review." 5 U.S.C. § 704.

Defendants argue that the Court cannot judicially review their decision because they issued an RFE and the I-526 Petition proceedings are ongoing; thus, there is no "final agency action" to review under section 704. Mot. 9:4-22. Plaintiff counters that the Court has jurisdiction over the Complaint pursuant to sections 555(b) and 706(1) because Defendants unreasonably delayed adjudication of his I-526 Petition, as set forth in the Complaint. Opp'n 7:6-13.

Typically, the lack of a "final" agency decision will divest the Court of jurisdiction to review the agency's decision. "With a few exceptions, if there is no final agency action, there is no basis for review of the government's decision or policy. One exception occurs where plaintiffs claim that a governmental action was unlawfully withheld or unreasonably delayed." Cobell v. Norton, 240 F.3d 1081, 1095 (D.C. Cir. 2001). When there is a "genuine failure to act," courts will allow this "limited exception" to apply. Eco. Ctr., Inc. v. U.S. Forest Serv., 192 F.3d 922, 926 (9th Cir. 1999).

While an RFE issued pending a full determination of Plaintiff's I-526 Petition does not appear to be a "final" action, the Court first determines if

Defendants' alleged unreasonable delay is an exception to the apparent lack of a final agency action, thus conferring jurisdiction over the Action.

### i. *Unreasonable Delay*

"To invoke subject matter jurisdiction under the APA, a petitioner must show (1) that Defendants had a nondiscretionary duty to act and (2) that Defendants unreasonably delayed in acting on that duty." <u>Bo Tang v. Chertoff</u>, No. C 07-0683 JF, 2007 WL 1650945, at *1 (N.D. Cal. June 5, 2007)(citing <u>Norton v. S. Utah Wilderness Alliance</u>, 542 U.S. 55, 63-65 (2004)).

The decision "to issue a visa under the immigrant investor program" is not discretionary; in fact, section 1153(b)(5) of the INA "mandates issuance of such visas," stating that "visas *shall* be made available" to immigrants that enter into a new commercial enterprise. <u>Spencer Enters., Inc. v. U.S.</u>, 345 F.3d 683, 691 (9th Cir. 2003)(internal quotation marks and citation omitted)(emphasis in original). In any event, Defendants do not contest that they have a nondiscretionary duty to issue EB-5 visas, and the first prong for jurisdiction to hear the APA claim is satisfied. However, it is less clear that Defendants unreasonably delayed in acting on their duty to issue an EB-5 visa.

There are several rubrics by which the Court could determine whether Defendants "unreasonably delayed" in processing Plaintiff's I-526 Petition. It does not

10

appear that I-526 petitions have a statutory time frame for adjudication, nor does section 1153(b)(5) prescribe how efficiently Defendants should issue EB-5 visas. See 8 C.F.R. § 204.6; 8 U.S.C. § 1153(b)(5). When "[c]ongress imposes a duty but does not articulate a specific time frame within which that duty must be honored," the Court may look to section 555(b)'s imperative that an agency adjudicate a matter "within a reasonable time." Quan v. Chertoff, No. SC 06-7881, 2007 WL 1655601, at *4 (N.D. Cal. June 7, 2007). Plaintiff points to Defendants' admission that, as of December 31, 2016, they were processing applications received five months earlier on July 28, 2016. Compl. Ex. 2 (attaching IPO's time information page that was last updated on February 17, 2017). This shows, Plaintiff argues, that Defendants did not expeditiously review the I-526 Petition under their own time constraints. But as of May 31, 2017, it appears that Defendants are processing I-526 petitions received as far back as October 18, 2015. USCIS Processing Time Information for the Immigrant Investor Program Office, https://egov.uscis.gov/cris/processingTimesDisplay.do, (last updated July 18, 2017).

While the aforementioned timeframes offer some guidance in deciding whether Defendants unreasonably delayed in processing the I-526 Petition, none should be applied in a static way. Congress suggests that an immigrant benefit application should be completed

within 180 days (6 months), 8 U.S.C. § 1571(b), which would comport with Plaintiff's evidence that between December 31, 2016 and February 17, 2017, Defendants were processing cases received five to seven months prior on July 28, 2016. By contrast, the IPO's time information page suggests that by May 9, 2017—when Defendants issued the RFE—they were on schedule, perhaps even a little ahead, in reviewing an I-526 Petition received in December 2015, since they were apparently reviewing October 2015 petitions as of May 2017. This apparent backlog has been acknowledged in the CIS Ombudsman's 2017 Annual Report:

> This report confirms continued delays in Immigrant Investor EB-5 processing. There are currently 88,000 pending or approved I-526 petitions for a visa category that allows for 10,000 immigrant visas yearly. EB-5 processing times continue to exceed a year, and have not improved. *Investors and their dependents from China may have to wait over 10 years for EB-5 immigrant visas.*

CIS Ombudsman Issues 2017 Annual Report, 19 No. 14 Immigr. Bus. News & Comment NL 6 (Aug. 1, 2017) (emphasis added).

Considering that EB-5 visa processing currently may exceed a year and the fact that Chinese investors like Plaintiff have projected wait times of over ten years, the apparent seventeen-month delay between filing of the I-526 Petition in December 2015 and the issuance of the RFE in May 2017 has not crossed the threshold into unreasonableness. See Home Builders Ass'n of Great Chi. v. U.S. Army Corps. Of Eng'rs., 335 F.3d 607, 616

(7th Cir. 2003)(unreasonable delay not satisfied where plaintiff complained of minor delays resulting from procedural hurdles). The Court cannot conclude that seventeen months is unreasonable in light of cases where courts have held that even four-year delays were permissible. See, e.g., Ou. v. Johnson, No. 15-cv-03936-BLF, 2016 WL 7238850, at *3 (N.D. Cal. Feb. 16, 2016)(concluding that an eleven-month delay was not unreasonable and collecting cases where delays of four years or less were not unreasonable).

To further persuade the Court that it has jurisdiction because Defendants unreasonably delayed in adjudicating his I-526 Petition, Plaintiff relies on two cases, both of which are distinguishable from the facts at hand. In Latifi v. Neufeld, No. 13-cv-05337-BLF, 2015 WL 3657860, at *2 (N.D. Cal. June 12, 2015), the USCIS reopened and reconsidered its denial of a plaintiff's I-485 green card application and placed it on hold "to await the possibility of a future exemption that might allow the application to be approved," as the plaintiff was apparently not exempt from terrorist-related inadmissibility grounds. After a six-year hold with no movement, the plaintiff raised an APA claim. The parties agreed to stay the motion pending the USCIS's RFE, but the USCIS reviewed plaintiff's responses to the RFE and took no further action on the petition. Id. at *2. The court denied the defendants' motion to dismiss for lack of

13

jurisdiction, not precisely on the grounds that the defendants "unreasonably delayed"—although six years is a considerably long time—but rather because the "decision" to not adjudicate plaintiff's application is non-discretionary and thus is reviewable by the court. Id. at *3. In its analysis regarding the additional motion for summary judgment, the court did conclude that a six-year delay was "unreasonable as a matter of law." Id. at *4.

In Soneji v. Department of Homeland Security, 525 F. Supp. 2d 1151, 1156 (N.D. Cal. 2007), the court concluded it had jurisdiction to consider the plaintiffs' APA claim. In that case, one plaintiff's I-485 application was pending for three-and-a-half years after the USCIS had preliminarily requested that the FBI name check both plaintiffs. Id. at 1153. Defendants had yet to adjudicate the petitions as they conceded that they had yet to receive one plaintiff's name check results. Id. The court concluded that the case epitomized "unreasonable delay," as one plaintiff's background check was processed the day it was received while the other plaintiff's application languished for three years and the defendants offered "no meaningful explanation for the disparity in the treatment of the two . . . ." Id. at 1156.

Plaintiff's reliance on Latifi and Soneji is misplaced, and it is not clear that Defendants unreasonably delayed or genuinely failed to act.

14

First, the defendants in <u>Latifi</u> and <u>Soneji</u> delayed far
longer in adjudicating the plaintiffs' petitions; here,
Defendants delayed only roughly 1.5 years from December
2015 to May 2017—as opposed to 3.5 years or 6
years—before issuing the RFE.  Second, the defendants
in <u>Latifi</u> took no further action on the plaintiff's
application after reviewing his responses to the RFE
and the defendants in <u>Soneji</u> failed to complete a
background check in the application process after 3.5
years.  Unlike those cases, where the petition
adjudication had "no foreseeable end in sight," <u>Latifi</u>,
2015 WL 3657860, at *4, Defendants have sought further
information that Plaintiff's EB-5 visa eligibility was
established, providing him with a deadline of August
16, 2017 to respond.  Mot. Ex. A, at 1.  Defendants
will review the RFE after August 16, 2017.  This falls
in line with the steps for adjudicating an I-526
Application under 8 C.F.R. §§ 103.2 (b)(8)(iv).[5]
Language in the RFE also suggests that Defendants have
already reviewed and evaluated Plaintiff's application
materials.  Mot. Ex. A, at 3.

Third, unlike the defendants in <u>Latifi</u> and <u>Soneji</u>,
Defendants have "taken action in furtherance of a

_____

[5] Section 103.2(b)(8)(iv) provides: "A request for evidence
. . . will specify the type of evidence required, and whether
initial evidence or additional evidence is required . . . [it]
will indicate the deadline for response, but in no case shall the
maximum response period provided in a request for evidence exceed
twelve weeks."

review of [p]laintiff's application."[6] <u>Compare</u>
<u>Kobaivanova v. Hansen</u>, No. 1:11cv943, 2011 WL 4401687,
at *6 (N.D. Oh. Sept. 16, 2011)("the record contains no
evidence that [d]efendants have been idle or are
unwilling to adjudicate [p]laintiff's I-485
application"), <u>and</u> <u>Doe v. U.S. Immigration &</u>
<u>Citizenship Serv.</u>, No. 15 cv 10958, 2017 WL 770998, at
*5 (N.D. Ill. Feb. 28, 2017)("USCIS clearly did more
than react to the petition" when reviewing an I-526
petition), <u>with</u> <u>Gelfer v. Chertoff</u>, No. C 06-06724 WHA,
2007 WL 902382, at *2 (N.D. Cal. Mar. 22,
2007)(unreasonable delay where USCIS was awaiting FBI
name check results for two years but "[did] not point
to a single action taken during that period of time to
further the processing of petitioner's application . .
. [or why the] application is particularly
troublesome.") <u>Latifi</u> and <u>Soneji</u>'s reasoning would be
more compelling had Defendants taken several years to

---

[6] Plaintiff argues that Defendants still owe him a duty to
adjudicate his I-526 Petition, as he "still awaits adjudication"
and that "the RFE changes nothing." Opp'n 10:21-22. A similar
argument—that issuance of an RFE after filing of the Complaint
did not change the "unreasonable delay" and that jurisdiction
present at the time the Complaint was filed—was raised and
rejected in <u>Net-Inspect, LLC v. U.S. Citizenship & Immigration
Servs.</u>, No. C14-1514JLR, 2015 WL 880956, at *6 (W.D. Wash. Mar.
2, 2015). The diversity jurisdiction rule, that "jurisdiction
should be assessed as of the time the complaint was filed," was
not applicable to the context of "administrative finality." <u>Id.</u>
(citing <u>Cabaccang v. U.S. Citizenship & Immigration Servs.</u>, 627
F.3d 1313, 1317 (9th Cir. 2010)). Thus, Defendants did not
unreasonably delay just because the RFE was issued after
Plaintiff filed the Complaint.

respond to Plaintiff's RFE response and allowed the I-526 Petition to languish; in that event, Plaintiff may have a stronger argument for unreasonable delay. See Meixian Ye v. Kelly, 17 Civ. 3010 (BMC), 2017 WL 2804932 (E.D.N.Y. June 28, 2017)("If the time comes in the future where there is another delay that plaintiff believes is illegal, plaintiff will be free to commence another proceeding to challenge that delay . . . this Court is not going to keep the case open based on plaintiff's desire to have a judicial overseer of her administrative process.")

Thus, although Defendants have a nondiscretionary duty to issue EB-5 visas, the Court lacks jurisdiction over the APA claim pursuant to APA section 701(6) because Plaintiff cannot show that Defendants unreasonably delayed in acting on that duty.  The next issue is whether there is a "final" agency action that the Court has jurisdiction to review.

### ii. *Final Agency Action*

An agency action is judicially reviewable and the Court has subject matter jurisdiction when either the agency action "(1) is made reviewable by statute; or (2) it constitutes a "final" action for which there is no other adequate remedy in a court." Cabaccang, 627 F.3d at 1315.  Plaintiff offers no statute that would make Defendants' actions reviewable; thus, the Court looks to the second prong.

The Supreme Court has developed a two-part test to

determine whether an agency decision is final.  <u>Bennett</u>
<u>v. Spear</u>, 520 U.S. 154, 177 (1997).  First, the action
must "mark the consummation of the agency's decision-
making process," and second, the action "must be one by
which 'rights or obligations have been determined,' or
from which 'legal consequences will flow.'"  <u>Id.</u> at
177.

Courts have concluded that issuance of an RFE
during the pendency of a visa application review is not
a "final agency" action subject to judicial review
under APA section 704.  <u>See, e.g.</u>, <u>Elgin Ass't Living</u>
<u>EB-5, LLC v. Mayorkas</u>, No. 12 cv 2941, 2012 WL 4932661,
at *3 (N.D. Ill. Oct. 16, 2012)(RFEs are not final
agency actions because they do not consummate the
USCIS's decision-making process regarding petitions and
visas, and no legal consequences seemingly flow from
them); <u>True Capital Mgmt., LLC v. U.S. Dep't of</u>
<u>Homeland Sec.</u>, No. 13-261 JSC, 2013 WL 3157904, at *3
(N.D. Cal. June 20, 2013)(citation omitted)(reopening
of H-1B petition and issuing an RFE after defendants'
prior denial was "not the 'final administrative work'
in th[e] matter").

The Ninth Circuit and several courts sitting in
this circuit have determined that even reopening of
agency decisions denying plaintiffs' visa petitions are
not "final" and thus are not judicially reviewable
under section 704.  <u>See, e.g.</u>, <u>Bhasin v. Dept. of</u>
<u>Homeland Sec.</u>, 413 F. App'x 983, 985 (9th Cir.

2011)(concluding that USCIS's reopening of plaintiff's previously denied visa petition was not a final agency action subject to judicial review); <u>Mamigonian v. Biggs</u>, 710 F.3d 936, 942 (9th Cir. 2013)(district court lacked jurisdiction to review USCIS's actions where it had not determined her pending adjustment-of-status application).

Here, the issuance of the RFE cannot be understood as a "final" action for purposes of the APA. The RFE expresses that Defendants will not make a final decision until Plaintiff provides additional evidence. <u>See</u> Mot. Ex. A, at 1 ("USCIS may deny your petition as abandoned, [or] may deny your petition based on the record"). Defendants' RFE cannot be said to be the "last word on the matter" of Plaintiff's I-526 Petition. <u>Net-Inspect</u>, 2015 WL 880956. The issuance of the RFE does not mark the consummation of the decision-making process; rather, it is one step in the adjudication process. Plaintiff has until August 16, 2017 to respond, and in turn Defendants have a chance to review the response. <u>See</u> 8 C.F.R. § 103.2(b)(8)(iv). Moreover, Defendants did not provide a "definitive statement of [the] agency's position," as the RFE only "established that [Plaintiff] [was] not eligible for the benefit" he was seeking. Mot. Ex. A, at 1. Defendants left open whether Plaintiff was eligible for the EB-5 benefits. <u>Id.</u> And if reopened agency decisions are not final, as the aforementioned

cases suggest, the Court does not see how a current pending I-526 Petition, to which no approval or denial has yet occurred, constitutes a "final action." Finally, the issuance of the RFE does not create rights or obligations, nor do legal consequences flow from it because it is an intermediary step in the decision-making process regarding petitions and visas. <u>See generally</u> 8 C.F.R. § 103.2; <u>Elgin</u>, 2012 WL 4932661, at *3.

Accordingly, because of the issuance of the RFE, Defendants' actions up to this point are best characterized as a non-final agency action. Defendants are well into the decision-making process regarding Plaintiff's I-526 Petition. This Court does not have the jurisdiction to interfere with this process, as the finality requirement is meant to prevent premature judicial intervention. <u>Independent Petroleum Ass'n of Am. v. Babbit</u>, 971 F. Supp. 19, 28 (D.C. Cir. 1997). Thus, the Court **GRANTS** Defendants' Motion as to the APA claim and dismisses it for lack of subject matter jurisdiction.[7]

_____

[7] Defendants also seek dismissal of the APA claim on Rule 12(b)(6) grounds. While the Court lacks subject matter jurisdiction over the APA claim due to a missing final agency decision, the APA claim would similarly fail under a Rule 12(b)(6) analysis, as a "final agency action" is a requisite element of an APA claim. <u>Net-Inspect</u>, 2015 WL 880956, at *7.

Defendants also argue that the APA claim merits dismissal under Rule 12(b)(1) because Plaintiff "has not exhausted his administrative remedies where there is no final agency action."

1          b.   *Mandamus Act*

2       Under the Mandamus Act, 28 U.S.C. § 1361, Plaintiff

3  asks the Court to compel Defendants to adjudicate his

4  I-526 Petition.  Compl. ¶ 17.  Section 1361 confers

5  original jurisdiction to a district court over "any

6  action in the nature of mandamus to compel an officer

7  or employee of the United States or any agency thereof

8  to perform a duty owed to the plaintiff."  The court

9  may issue a writ of mandamus if "(1) [plaintiff's]

10 claim is clear and certain; (2) the official's duty is

11 nondiscretionary, ministerial, and so plainly

12 prescribed as to be free from doubt; and (3) no other

13 adequate remedy is available."  <u>Azurin v. Von Raab</u>, 803

14 F.2d 993, 996 (9th Cir. 1986).

15      As the Ninth Circuit has recognized, "mandamus

16 relief and relief under the APA are 'in essence' the

17 same," and it has "elected to analyze [a mandamus]

18 claim under the APA where there is an adequate remedy

19 under the APA."  <u>R.T. Vanderbilt Co. v. Babbitt</u>, 113

20 F.3d 1061, 1065 (9th Cir. 1997)(citations omitted); <u>see</u>

21 <u>also</u> <u>Taiebat v. Scialabba</u>, No. 17-cv-0805-PJH, 2017 WL

22 747460, at *4 (N.D. Cal. Feb. 27, 2017)("Relief under

23 the mandamus act and the APA are virtually equivalent

24

25 Mot. 10:19-21.  Because the Court has already concluded that it
26 lacks jurisdiction under 5 U.S.C. § 704 because there is no final
   agency action to review, and because the "exhaustion of
27 administrative remedies" argument is largely repetitive of the
   "lack of final agency action" argument, the Court declines to
28 address this additional argument.

when a petitioner seeks to compel an agency to act on a nondiscretionary duty")(citing <u>Independence Mining Co., Inc. v. Babbitt</u>, 105 F.3d 502, 507 (9th Cir. 1997)).

Section 706(1) of the APA allows a court to compel "agency action unlawfully withheld or unreasonably delayed." <u>R.T. Vanderbilt Company</u>, 113 F.3d at 1065. Plaintiff seeks largely the same remedy under the Mandamus Act as the APA, asking the Court to compel adjudication of his I-526 Petition that he alleges Defendants have "continual[ly] delay[ed] and refus[ed] to adjudicate." Compl. ¶ 17. Because Plaintiff has a similar remedy under the APA and the Court has already determined that it lacks jurisdiction over the APA claim, <u>see</u> <u>supra</u> part II.B.2.a.i, this "obviate[s] the need to consider the jurisdictional question posed under the Mandamus Act." <u>Liu v. Chertoff</u>, No. CV-06-1682-ST, 2007 WL 2435157, at *5 (D. Or. Aug. 29, 2007).

Briefly, the Court concludes for largely the same reasons in the APA analysis that it lacks jurisdiction to compel the relief sought in the Mandamus Act claim. Plaintiff's entitlement to adjudication of his I-526 Petition is not necessarily "clear and certain," as he has not demonstrated that the seventeen-month delay was unreasonable. <u>Wang v. Chertoff</u>, SACV07-01260-CJC(ANx), 2008 WL 11342756, at *3 (C.D. Cal. Mar. 12, 2008); <u>see also</u> <u>Kobaivanova</u>, 2011 WL 4401687, at *7 (Plaintiff lacks a "clear and indisputable right" to an "order

22

compelling the USCIS to immediately adjudicate [his I-526 application], because there has been no unreasonable delay"). As previously mentioned, Defendants have a nondiscretionary, ministerial duty to act on Plaintiff's I-526 Petition in a reasonable time. See Spencer, 345 F.3d at 961.

Finally, Plaintiff may have difficulty showing he lacks an adequate alternative remedy. "Mandamus relief generally will not be granted where a court finds that an applicant has an adequate alternative remedy, such as an administrative appeal." Ragland, Mandamus Actions—no Adequate Alternative Remedy, 10 Bus. & Com. Litig. Fed. Cts. § 105:21 (4th ed. Dec. 2016). The Court is not Plaintiff's last resort to have Defendants adjudicate his I-526 Petition. Even if Defendants had denied his Petition, he would still have an adequate alternative remedy of an appeal to the Administrative Appeals Office. But in any event, the "no other alternative remedy" argument is premature, as Defendants are currently processing the I-526 Petition and this is not the kind of situation where court intervention is needed to "spur [Defendants] to proceed with adjudication and render a decision."[8]

_____

[8] Defendants argue that Plaintiff's mandamus claim is moot because Defendants have issued an RFE for additional evidence of eligibility, thus acting on his I-526 Petition. "A case is moot 'only if interim events have completely and irrevocably eradicated the effects of alleged improper conduct raised in the petition for writ of mandamus.'" Peng v. Gonzales, No. C-06-07872 JCS, 2007 WL 2141270, at *5 (N.D. Cal. July 25,

To the extent Plaintiff asks the Court to compel Defendants to adjudicate his I-526 Petition more quickly, the Court does not see how it could provide this relief short of asking Defendants to move up their August 16, 2017 deadline for the RFE response. Perhaps Plaintiff anticipates that Defendants will stall in their adjudication post-RFE, but it is not the Court's place to inject itself into Defendants' decision-making based on hypothetical future actions. The Court defers to Defendants and advises Plaintiff to "take [his I-526 Petition] issue up through the [Defendants'] normal administrative procedures." Accord Luo v. Coultice, 178 F. Supp. 2d 1135, 1140 (C.D. Cal. 2001); Miller v. Napolitano, 3:13–CV–00443 (CSH), 2013 WL 4011710, at *5 (D. Conn. Aug. 5, 2013)("[V]isa-granting processes ought to continue to unfold without the extraordinary remedy of judicial interference")

Because the Court lacks jurisdiction to hear the Mandamus Act claim, Defendants' Motion is **GRANTED** as to

---

2007)(citation omitted). For immigration cases compelling adjudication of an application or petition, "a claim is moot if the application has been adjudicated." Id. (citation omitted). From many of these immigration cases, the claim appears to be moot when the agency issues a formal decision. See, e.g., Zhou v. Chertoff, No. C-08-04523 RMW, 2009 WL 2246231, at *2 (N.D. Cal. July 24, 2009)(court had no "outstanding duty" to compel defendants to perform where plaintiff's petition for immigration visa was denied). To the extent Plaintiff seeks full adjudication of the I-526 Petition, the interim step of issuing an RFE may not necessarily moot the mandamus claim as in other cases. In any event, the Court lacks jurisdiction over the mandamus claim as the three-part test is not satisfied.

this claim.

    3.  <u>Motion to Transfer Venue</u>

Defendants alternatively move to transfer this Action to the District of Columbia under 28 U.S.C. § 1406(a) because the events giving rise to the Action, which concern the USCIS IPO's adjudication process, take place at the IPO's headquarters in the District of Columbia.  Mot. 14:1-8.  Because the Court lacks subject matter jurisdiction and dismisses this case pursuant to Rule 12(b)(1), it **DENIES as MOOT** the Motion to Transfer Venue.

**III. CONCLUSION**

Because it lacks subject matter jurisdiction, the Court **GRANTS** Defendants' Motion pursuant to Rule 12(b)(1) [17].  Plaintiff's Complaint is **DISMISSED WITHOUT PREJUDICE** as to all Defendants [1].  The Court **DENIES as MOOT** Defendants' Motion to Transfer Venue. The Clerk shall close the case.

**IT IS SO ORDERED.**


DATED: August 3, 2017      <u>s/ RONALD S.W. LEW</u>

                      **HONORABLE RONALD S.W. LEW**
                      Senior U.S. District Judge